UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER M. KEITHLY, III,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KONINKLIJK HET FRIESCH PAARDEN-STAMBOEK "KFPS", *et al.*,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 13-cv-2532-W (WMC)<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On September 27, 2013, Plaintiff Roger M. Keithly, III commenced this action against Defendants Koninklijk Het Friesch Paarden-Stamboek ("KFPS"), Friesian Horse Association of North America ("FHANA"), and Fetze Veldstra in the San Diego Superior Court. Plaintiff asserts four causes of action arising from dealings involving breeding privileges for a Friesian horse stallion. Thereafter, FHANA removed this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

For the following reasons, the Court finds that FHANA's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Sygenta Crop Prot. v. Henson, 537 U.S. 28, 32 (2002); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566; see also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990); O'Halloran, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593 (2004) (quoting United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//

## II.     ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). The defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendant fails to satisfy that requirement. See 42 U.S.C. § 1332.

Here, FHANA asserts that the amount in controversy exceeds $75,000. (Removal Notice ¶ 3.) It elaborates by also asserting the following:

> Plaintiffs seeks compensatory, consequential, and general damages in this action, arising from allegations that his specialized show horses were not certified for purposes of breeding, thus significantly diminishing the value of the horses and depriving Plaintiff of significant breeding fees that would have accompanied certification. Additionally, Plaintiff seeks punitive damages arising from alleged sexual extortion claims against all Defendants. The amount of damages is to be proven at trial, but it is reasonable to estimate that, based upon these allegations, the amount in significantly exceeds $75,000.

(Id. ¶ 4.) This is not an adequate explanation for the Court to reasonably estimate that the amount in controversy "significantly exceeds $75,000." FHANA provides nothing more than the vague aforementioned paragraph to support its contention. See Sanchez, 102 F.3d at 404. The declaration of Thomas E. Daugherty and the other attachments to the removal notice do not provide any additional insight into what the value of the amount in controversy is. (See, e.g., Daugherty Decl. ¶¶ 1–5.) The complaint is also devoid of any detailed information from which the Court could reasonably infer the amount in controversy. In fact, Plaintiff does not allege a single monetary value anywhere in the complaint. For example, the value of the Friesian horse stallion, the

costs for breeding, including the breeding fees, or any other monetary value associated with this action are all unknown.

Without more, FHANA's vague assertion is inadequate, and the Court cannot conclude that it is "more likely than not" that the amount in controversy satisfies the federal diversity jurisdictional amount requirement.  See Sanchez, 102 F.3d at 404.  Because there is doubt as to the right of removal, federal jurisdiction must be rejected.  See Gaus, 980 F.2d at 566.

### III.    CONCLUSION & ORDER

FHANA fails to provide an adequate explanation supported by evidence that the amount in controversy "significantly exceeds $75,000."  Therefore, the Court **REMANDS** this action to the San Diego Superior Court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

DATE: October 22, 2013

_____
HON. THOMAS J. WHELAN
United States District Court
Southern District of California